THE STATE GLEASON AND OTHERS, PROSECUTORS, v. THE TOWN OF BERGEN.

1. Under the charter of the town of Bergen, commissioners can only be appointed by ordinance and not by resolution, to assess damages for widening a street.
2. In making the preliminary estimate and assessment required by that charter to widen a street, it should appear on the face of the report and map of the commissioners, that the whole costs of the improvement were estimated and assessed upon the lands, in proportion to the benefit received.
3. The report is of no validity if not filed with the clerk of the town within thirty days after the appointment of the commissioners.
4. The town can ascertain and establish the boundaries of a street by ordinance only, and proceedings by resolution to establish a centre line, held illegal, as an attempt to fix the location in a way different from the charter.
5. An ordinance to widen, based on such centre line, set aside.

On *certiorari* to set aside ordinance, &c.

Argued at February Term, 1868, before Justices BEDLE, DALRIMPLE, and DEPUE, by *Isaac W. Scudder*, for prosecutors, and *J. R. Wortendyke*, for defendants.

BEDLE, J.    The council of the town of Bergen, by *resolution* of November 30th, 1864, appointed three commissioners to examine into, and report the proper location of Bergen

road between the Bergen Square and the turn of the road beyond the residence of Smith Garrabrant, and who were also, by resolution of December 4th, 1864, directed to extend their inquiry as far southwest as Bergen street. The commissioners made a report with a map, to the council, on the eleventh day of January, 1865, recommending that in the widening or improving of that road or avenue, a certain centre line be adopted, particularly defining the same. Difficulties having arisen in reference to the confirmation of their report, the whole matter was indefinitely postponed, on the 8th of February, 1865. Afterwards, on the 18th day of December, 1865, the report was taken up, and the council resolved that the centre line be established and confirmed, and the monuments be put down in accordance with the report and map made by the commissioners.

This first action of the council was all taken by resolution merely, not by ordinance.

The centre line having been thus adopted, the council, on the 12th day of March, 1866, passed an ordinance that a certain part of Bergen avenue "be widened to the uniform width of fifty feet throughout, being twenty-five feet on either side of the centre line of said avenue as now established by commissioners," &c., and therein appointed the same three commissioners to examine into the matter, cause a survey and map to be made of the improvement, to estimate the costs and assess the same upon the land, &c. This appointment was made under the thirtieth section of the charter. *Laws* 1864, *p.* 116.

Afterwards, the commissioners made their map and report, which were filed with the clerk of the town, on the 7th day of May, 1866. The same were twice referred back to the commissioners for correction and as many times re-reported, and again, on the 27th day of August, 1866, were referred to the commissioners, who made a further report on the 1st day of October, 1866. The whole matter was then laid over, and a special committee of councilmen appointed to investigate it. They made a report recommending changes in the

estimates and mode of assessment. Their report having been adopted, the council, on the 18th day of February, 1867, adopted a resolution reciting that one of the commissioners had removed from the town of Bergen, by which the commission was dissolved, and appointing three other commissioners to assess the damages for widening the avenue in pursuance of the ordinance passed March 12th, 1866. An assessment was made by them, and at length, after a good deal of difficulty, confirmed and re-confirmed.

Errors are alleged in the three different stages of these proceedings.

*First.* As to the last appointment of commissioners. The town has power, under the charter, to widen streets by ordinance, and the thirtieth section requires the commissioners to be appointed in the ordinance. An ordinance must be introduced at a previous regular meeting, and is passed with more deliberation and formality than a resolution. The distinction is fully recognized in the charter between powers that may be exercised by ordinance, and those by resolution. The commissioners could not be changed by a mere hasty resolution. In the case of *The State, Ackerman, pros.*, v. *The town of Bergen*, decided at the last term, this court held an ordinance void, where the name of one commissioner was changed at the time of its adoption, without laying it over to another meeting. For this reason alone, without referring to the others, the last appointment and proceedings thereon are illegal.

*Secondly.* As to the ordinance of March 12th, 1866, and the proceedings thereunder. No report was filed with the clerk of the town until May 7th, 1866. By the thirtieth section of the charter, the commissioners must file their report and map within thirty days after their appointment. They were appointed March 12th, 1866, and took the oath of office March 29th, 1866. For that reason the proceedings subsequent to the ordinance were of no validity. This point was also decided in the case of *The State* v. *The town of Bergen*, referred to.

The map and report of the commissioners are also illegal. The ordinance was passed to widen a street, not to remove encroachments. By the thirty-third section, no lands shall be taken to widen any street without paying to the owner the fair valuation of the lands taken, and the improvements thereon and the damage done to any lot or tenement, by taking any part of it for that purpose, which value or damages shall be a part of the costs and expenses of the improvement. By the thirtieth section, the commissioners are to cause a survey and map to be made of the improvement, distinguishing each lot or parcel by numbers on said map, and to estimate the *whole costs of said improvement* according to the best of their judgment, and shall assess such estimated costs upon the lands and real estate in proportion to the benefit received, and report the names of the owners of the lots or parcels as far as practicable, with the amount assessed to each. These proceedings are preliminary to the execution of the improvement, and the council cannot make the improvement if within thirty days after filing the report, the owners of a majority of the lands to be assessed shall file a remonstrance against it. As stated by Justice Elmer in the case referred to, "these preliminary proceedings are important to enable the council properly to decide whether the improvement is proper to be made, as well as to inform the owners of lands to be assessed, how it will affect their interests." Whether the improvement shall be made or not may depend entirely upon these first proceedings, and if not according to the statute, the final assessment on the completion of the improvement might be a great surprise to the owners and the council both, and impose most serious burthens.

The thirty-third section expressly requires the commissioners to estimate and include in their report the value of the land taken and the erections thereon, and the damages done by taking the same, and to whom the lands belong, and the interest and estate of the several owners in the same, as far as practicable. The report or map does not show upon its face that the *whole costs of the improvement* were esti-

mated, or that such estimated costs were assessed upon the lands and real estate in proportion to the benefits received. Besides, there is no evidence on the face of the map or report that the value of the land taken was estimated. The prosecutors are owners of land taken, and it is their right to have a strict compliance with the provisions of the charter. It should appear upon the face of the report and map, that the authority of the statute has been pursued. For this reason the action of the commissioners would be illegal, if the report had been properly filed.

An objection is also raised against the oath taken by the commissioners. It is not in compliance with that prescribed in the thirtieth section, but it is unnecessary to consider that now.

The objection to the ordinance itself may be considered in connection with the proceedings establishing the centre line. The ordinance is based upon the fact of a centre line being established. It takes for granted the centre line as fixed, and directs the avenue to be widened to the width of fifty feet, being twenty-five feet on either side of that line. The power to widen presupposes the existence of a street. To widen, the town must pass an ordinance, and to ascertain and establish the boundaries of a street, the council can act only in the same way. The twenty-ninth section gives the authority by ordinance to ascertain and establish the boundaries of all streets. The centre line was ascertained and fixed by commissioners appointed to examine into and report the *proper location* of Bergen road. The whole action of the council in the appointment, confirmation of the report, and ordering the monuments to be placed, was had by resolution. The appointment of the commissioners to report the proper location of the road was clearly an appointment to ascertain the boundaries, the action of the commissioners in fixing a centre line was a decisive act to that end, and it in fact located the street, so as to be the basis of the subsequent proceedings to widen it. It is true the commissioners did not report the width, yet the road, with whatever width it was entitled to, would be fixed by the centre line. The

council had no right to embarrass the owners along the road by any action short of an ordinance, in establishing a centre line. Much of the difficulty by the two sets of commissioners and the council, arose from being hampered by that line. The council attempted to do more than merely make inquiry, as was suggested on the argument. They attempted to establish the permanent location of the road in a way different from the charter. All the proceedings, previous to the ordinance, are illegal. What then becomes of the ordinance? It makes but little difference whether it falls or stands. It is so connected with and based upon the line illegally established as to have no force without that. Take away the centre line referred to in it, and it can have no practical effect. The whole proceedings should be set aside.

CITED *in State, H. L. & I. Co., pros.,* v. *Hoboken,* 6 *Vr.* 208; *State, Central R. R. Co., pros.,* v. *Bayonne,* 6 *Vr.* 333; *State, Story, pros.,* v. *Bayonne,* 6 *Vr.* 337; *State, Wilkinson, pros.,* v. *Trenton,* 6 *Vr.* 488; *State, Vreeland, pros.,* v. *Bergen,* 5 *Vr.* 439.